PATERNO BROS., Inc., v, FRAZEE.

(Supreme Court, Appellate Term, First Department. March 16, 1914.)

PLEADING (§ 165*)—REPLICATION—STATUTE.

Under Code Civ. Proc. § 516, declaring that, where an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, require plaintiff to reply to the new matter, it is improper to direct plaintiff to reply only to the new matter set up in one paragraph of a special defense urged by defendant, where several affirmative matters were joined, as plaintiff was entitled to reply to them as a whole.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321, 323; Dec. Dig. § 165.*]

Appeal from City Court of New York, Special Term.

Action by Paterno Bros., Incorporated, against Harry H. Frazee. From an order directing plaintiff to serve a reply to the new matter, contained in a paragraph of one of the affirmative defenses, plaintiff appeals. Order reversed, and motion denied.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Ernst, Lowenstein & Cane, of New York City (Melville H. Cane, of New York City, of counsel), for appellant.

Nathan Burkan, of New York City, for respondent.

LEHMAN, J. The plaintiff has brought an action for rent reserved in a lease alleged to have been assigned to the defendant, and which the defendant is alleged to have covenanted to pay. The answer attempts to set up three separate affirmative defenses. These affirmative defenses are somewhat curiously pleaded. In the first defense the defendant attempts to set up a surrender and acceptance, but combines with this defense a reiteration of all his previous denials. In the second defense he attempts to set up that the assignment of the term was not in writing, and therefore void, since the term assigned was for more than a year, but he combines with this defense a reiteration of surrender and acceptance. In the third defense he attempts to set up that the covenant to pay rent was not to be performed within one year, but he combines with this defense a reiteration of the surrender and acceptance and the parol nature of the assignment. After the service of this answer the defendant moved to compel the plaintiff to reply to the allegation contained in the paragraphs setting up that the

assignment was not in writing, and that the covenant to pay rent was parol. His motion was granted to the extent of requiring a reply to the "second defense," and from this order the plaintiff appeals.

Section 516 of the Code provides that:

"Where an answer contains new matter, constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter."

Obviously the court can require a reply only to the whole affirmative defense; it cannot require a reply to the new matter contained in one paragraph of a defense, for the plaintiff might have no reply to the new matter contained in the single paragraph, but expect to meet the whole defense by denial of the other paragraphs entering into the defense. It follows that the order requiring the plaintiff to reply to the paragraph setting up that the assignment was not in writing can be sustained only if that paragraph is in itself a complete defense to the action.

Without intimating in any way that the fact that the assignment was not in writing could constitute a complete defense, if properly pleaded, since the defendant has seen fit to combine it with allegations of surrender, he is clearly not entitled to an order requiring a reply to part of the defense pleaded.

Order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.